[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE CHILD SUPPORT PENDENTE LITE
This matter was heard on December 14, 1994, and January 24, February 14 and March 20 of 1995. The sole issue before the court is a request for child support pendente lite.
The parties were once married but divorced in 1980. They later resumed living together and in 1983 the plaintiff had defendant's child; she had a second child by him in 1986. Defendant has acknowledged paternity of both children. From November of 1983 to September of 1993, the parties lived together as husband and wife, although they were not legally married. Throughout the ten-year period the plaintiff has not worked outside the home by mutual agreement of the parties. She has attended to the children's needs and to household matters.
The defendant, who terms himself an investor, has enjoyed substantial income averaging approximately $250,000 over the past five years (see Plaintiff's Exhibit B). He has maintained two homes, one in Avon and one in Florida. The parties and the children have regularly vacationed in the Florida condominium.
At the outset of this hearing on December 14, 1994, the defendant provided the Court with a financial affidavit CT Page 3055 dated November 11, 1994. When the hearing resumed on January 24, 1995, defendant produced a new affidavit. He testified, as did his accountant, that the November 11, 1994 affidavit was incorrect for two reasons: (1) the defendant's secretary had given Mr. Cohen, the accountant, incorrect figures and (2) the defendant would no longer receive a management fee from a shopping center in Brooklyn as listed in Schedule 1B at $1,346. The Court's orders are, therefore, based on the January 24, 1995 affidavit and relevant testimony.
On the various court dates stated earlier, the Court heard testimony from the parties regarding their lifestyle and from defendant's accountant, who testified to financial matters affecting defendant's income. Based on that testimony and the January 24, 1995 financial affidavit, defendant's counsel asks the Court to apply to defendant's net weekly income the highest percentage on the Connecticut Child Support Guideline schedule, i.e. the percentage which would apply to the highest combined net weekly income on the schedule, $1750, for two children, or 27.41%. That would result in a weekly obligation of $721.43. Plaintiff's counsel, on the other hand, asks the Court to order $1500 per week. As indicated in the Preamble to the Child Support and Arrearage Guidelines, when the combined net weekly income is above $1750, the Court is free to fashion awards on a case by case basis. Having considered all the relevant testimony, the Court continues its orders of February 14, 1995, i.e. $1000 per week child support for the two minor children.
This order is retroactive to September 28, 1994 by agreement of the parties. The amount of the arrearage for the seventeen-week period from September 28, 1994 to January 24, 1995, the date the order of $1000 per week was first ordered, is $17,000. Because of the large amount of the arrearage, the availability to the defendant of various sources from which he is able to procure funds to pay it, and the immediate needs of the children, the Court feels it is appropriate to deviate from the arrearage guidelines. Therefore, the arrearage shall be paid at a rate of $400 per week for a total effective order of $1400.
So Ordered. CT Page 3056
Thelma A. Santos, J.